UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICKY DAVIS,<br>    Plaintiff,<br>    v.<br>CAROLINE B. LIPISH, ET AL.<br>    Defendant. | No. 3:17-cv-898 (MPS) |

## INITIAL REVIEW ORDER

### I. Introduction and Background

On May 31, 2017, the plaintiff, Ricky Davis, brought a civil action *pro se* against the defendants—Caroline B. Lapish, Adler Pollock & Sheehan, and Home Depot—for events that took place in a related case, *Davis v. Home Depot* (No. 3:16-cv-00008 (MPS)) ("underlying case"). In that case, the plaintiff sued Home Depot for injuries he suffered while trying to move plywood into his van with the help of a Home Depot employee. (*Davis v. Home Depot* docket, ECF No. 1). The parties reached a settlement and filed a subsequent stipulation of dismissal of the case. (*Id.*, ECF No. 63). The plaintiff then filed several documents on the docket—which he styled as "amended complaints"—seeking to set aside the settlement on the basis that defense counsel Lapish had failed to file a pro hac vice appearance prior to negotiating the settlement and that she had made derogatory comments about the plaintiff in the presence of his family. (*Id.*, ECF No. 65, 66). The Court construed these documents as a motion to reopen the case under Fed. R. Civ. P. 60(b) and subsequently issued a ruling denying the plaintiff's motion. (*Id.*, ECF No. 85).

The plaintiff then filed a complaint in the present matter, repeating the arguments he made in his motion to reopen the underlying case. He argued in his complaint that Ms. Lapish,

1

while acting as defense counsel for Home Depot, failed to a file a pro hac vice appearance prior to making a court appearance. (ECF No. 1 at 3). The Court found that these arguments lacked merit. (ECF No. 5). The plaintiff also claimed that Ms. Lapish "maliciously accused [him] of being a unfit [sic] parent by way being a substance abuser in the [presence] of [his] teenage [son], in her attemp [sic] to reach an unfair settlemen [sic], under durest [sic] or distress." (ECF No. 1 at 3). Consistent with the Court's obligation to construe *pro se* complaints liberally, the Court interpreted the plaintiff's complaint as setting out a separate claim of defamation against Ms. Lapish. (ECF No. 5). In an order dated February 5, 2018, the Court found that the plaintiff failed to adequately allege a claim of defamation and dismissed his complaint without prejudice. (*Id.*). The plaintiff was granted leave to submit, within thirty days of the dismissal, an amended complaint that set out enough facts to plead a cognizable defamation claim. (*Id.*).

On March 2, 2018, the plaintiff filed an amended complaint alleging defamation and defamation *per se* against Ms. Lapish, Adler Pollock & Sheehan, and Home Depot. (ECF No. 9).[1] For the reasons set forth below, the plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted, and the claims of defamation and defamation *per se* may proceed as to Ms. Lapish and Adler Pollock & Sheehan. However, all claims against Home Depot are dismissed.

**II.     Legal Standard**

Because the plaintiff sought to proceed in forma pauperis (ECF No. 2), the Court must evaluate his complaint and determine whether it should advance. "[T]he court shall dismiss [a] case at any time if the court determines that [the action] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is

---

[1] Plaintiff also alleges that he "never agreed to this settlement." (ECF No. 9 at 5). The Court dismisses this claim because (1) plaintiff fails to articulate the basis for his claim; and (2) the Court has already determined that the plaintiff's collateral attack against the settlement in the underlying case fails for the reasons set forth in the Court's ruling denying the motion to reopen in that case (*See Home Depot v. Davis* docket, ECF No. 85).

immune from such relief." 28 U.S.C. § 1915(e)(2). The plaintiff is *pro se*, so I construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Nevertheless, even a *pro se* plaintiff must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Jurisdiction

Under 28 U.S.C. § 1332, this Court has diversity jurisdiction in cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. Although the plaintiff has not pled diversity of citizenship, it appears that Ms. Lapish is a citizen of Massachusetts and the plaintiff is a citizen of Connecticut. As to the amount in controversy, the plaintiff's amended complaint is unclear, but appears to request $3,000. (ECF No. 9 at 6). However, in light of our obligation to construe *pro se* complaints liberally, the Court notes that the original complaint requested $308,000 and finds that the amount in controversy requirement is satisfied. As such, the Court has diversity jurisdiction over this matter.

### IV. Discussion

#### A. *Defamation*

Connecticut law defines "[a] defamatory statement . . . as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Skakel v. Grace*, 5 F. Supp. 3d 199, 206 (D. Conn. 2014) (quoting *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627 (2009)). A claim of defamation is comprised of four elements.

First, the plaintiff must demonstrate that "the defendant published a defamatory statement." *Gambardella*, 291 Conn. at 627. The plaintiff "need not list the alleged defamatory statements verbatim, but [he] must at least plead the content of the alleged communications, when they were made, the context in which they were made, or by and to whom they were made." *U.S. ex rel. Smith v. Yale Univ.*, 415 F. Supp. 2d 58, 109 (D. Conn. 2006). In his amended complaint, the plaintiff alleges that Ms. Lapish said he "ingaged [sic] i[n] a criminal act by ingaging [sic] in the act of consuming a controlled dangerous substance." (ECF No. 9 at 1). He further alleges that this statement was made on March 21, 2017 at the settlement conference for the underlying case. (*Id.* at 2). These allegations satisfy the first element of the plaintiff's defamation claim.

The second, third, and fourth elements require the plaintiff to demonstrate that "(2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Gambardella*, 291 Conn. at 627-28. The plaintiff's amended complaint states that the allegedly defamatory statement injured his reputation with the judge and his family. As to the judge, he claims that Ms. Lapish made the statement "with deliberot [sic] intent to harm my reputation to the judge whom, ultimately, because of her statement suggested that if I took this case to court she would win over me, and that my family and I would not only have the medical

4

bills but would probably receive nothing in this case and that we should take the settlement offer that Ms. Lapish offers." (ECF No. 9 at 3-4). As to his family, the amended complaint states that "[m]y son is now damage [sic] in his outlook at me as a father, as well as my wife constant doubts and fears about my character." (*Id*. at 4). These allegations of injury to the plaintiff's reputation satisfy the fourth element of a defamation claim. Moreover, because these allegations suggest that the purported defamatory statement was made in the presence of the judge overseeing the settlement as well as the plaintiff's wife and son, they satisfy elements two and three of the plaintiff's defamation claim. As such, the plaintiff's amended complaint sets out a cognizable claim for defamation against Ms. Lapish.

The plaintiff has also stated a cognizable claim of defamation against Adler Pollock & Sheehan. "[U]nder the common-law principle of respondeat superior, an employer is vicariously liable for compensatory damages arising out of the tortious conduct of his employee when that conduct occurs during the course of the employee's employment." *Matthiessen v. Vanech*, 266 Conn. 822, 839 (2003) (emphasis omitted). Here, while the plaintiff has not set out any specific facts regarding vicarious liability, the Court construes the complaint liberally and will allow the claim to proceed against Adler Pollock & Sheehan because the allegations suggest that Ms. Lapish was present at the settlement conference in the course of her employment.

### B. *Defamation* per se

Connecticut law also provides a cause of action for defamation *per se*, which requires that "the [defamation] . . . be one which charges a crime which involves moral turpitude or to which an infamous penalty is attached." *Skakel*, 5 F. Supp. 3d at 206 (quoting *Gambardella v. Apple Health Care, Inc.*, 86 Conn. App. 842, 850 (2005), *remanded to* 2006 WL 2556300 (Conn. Super. 2006), *aff'd*, 291 Conn. 620 (2009)). "The modern view of this requirement is that the

crime be a chargeable offense which is punishable by imprisonment." *Skakel*, 5 F. Supp. 3d at 206-207 (quoting *Battista v. United Illuminating Co.,* 10 Conn. App. 486, 493 (Conn. App. Ct. 1987)). The allegedly defamatory statement at issue concerns the criminal act "of consuming a controlled dangerous substance." (ECF No. 9 at 1). As such, the plaintiff's amended complaint sets out a viable claim of defamation *per se* against Ms. Lapish. Under the theory of vicarious liability discussed above, the Court will also allow this claim to proceed against Adler Pollock & Sheehan.[2]

### C. Defenses

The Court has construed the plaintiff's amended complaint liberally in determining that he may proceed with his claims of defamation and defamation *per se*. The Court notes, however, that there may be affirmative defenses to these claims. Such defenses may concern the truth of the statement at issue or the litigation privilege applicable to statements made in the course of judicial proceedings. The Court leaves any arguments about possible defenses to the defendants to pursue.

### V. Conclusion

The Court's Initial Review Order is a preliminary screening of the plaintiff's claims, and nothing in this ruling is intended to prevent defendants from moving to dismiss the amended complaint. For the reasons set forth above, the plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted and the Court enters the following orders:

(1) Any claims against defendant Home Depot are **DISMISSED** with prejudice.

(2) **The Clerk shall** verify the current work addresses for defendants Lapish and Adler Pollock & Sheehan, mail waiver of service of process request packets containing the

---

[2] The plaintiff has not pled any facts to make out a defamation or defamation *per se* claim against Home Depot. As such, all claims against Home Depot fail as a matter of law.

Complaint to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court of the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him in individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210) days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

It is so ordered.

Dated at Hartford, Connecticut this 23rd day of October, 2018.

/s/ MICHAEL P. SHEA

Michael P. Shea, U.S.D.J.